UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TRAVIS TILLMAN, | Case No. 4:24-cv-10084 |
| *Plaintiff,* | Shalina D. Kumar<br>United States District Judge |
| v. | |
| ERICH KENT, et al., | Patricia T. Morris<br>United States Magistrate Judge |
| *Defendants.* | |

**ORDER**[1]
**GRANTING PLAINTIFF'S MOTIONS**
**FOR ENTRY OF DEFAULT (ECF Nos. 46, 50)**
**AND**
**DIRECTING THE CLERK'S OFFICE TO ENTER**
**A DEFAULT AS TO DEFENDANT ERICH KENT**

Plaintiff filed his complaint against Defendants Erich Kent, Emmanuel Montgomery, Erica Ransom, and Kristopher Patterson on January 11, 2024. (ECF No. 1). All Defendants have been served, and while Montgomery, Ransom, and Patterson have appeared through counsel, Kent has not.

---

[1] The Undersigned proceeds by Order because Plaintiff is currently requesting entry of default and not default judgment. *Cf. Allstate Fire & Cas. Ins. Co. v. Novosad*, No. 16-12481, 2016 WL 5430191, at *1 n.2 (E.D. Mich. Sept. 29, 2016) ("A motion to set aside a Clerk's entry of default (as opposed to grant or set aside a default *judgment*) is considered a non-dispositive motion that a Magistrate Judge can decide directly under 28 U.S.C. § 636(b)(1)(A), rather than addressing by Report and Recommendation under 28 U.S.C. § 636(b)(1)(B)." (emphasis in original)) (collecting cases).

Thus, on May 28, 2025, Plaintiff requested a clerk's entry of default as to Kent. (ECF No. 40). The Eastern District of Michigan's Clerk's Office denied the request that day, explaining that under 42 U.S.C. § 1997e(g), "[a]ny defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law." This has been interpreted to mean that an incarcerated plaintiff is not entitled to entry of default against properly served defendants who have not filed an answer or other response. *Vontz v. Monroe*, No. 2:19-CV-12735, 2021 WL 5629046, at *1 (E.D. Mich. June 22, 2021), *report and recommendation adopted*, 2021 WL 5587339 (E.D. Mich. Nov. 30, 2021); *see also Cook v. Trostel*, No. 2:23-CV-2314, 2024 WL 957753, at *2 (S.D. Ohio Mar. 6, 2024) (adopting analysis from *Vontz*).

Plaintiff then moved for entry of default against Defendant Erich Kent under Federal Rule of Civil Procedure 55(a). (ECF No. 46). On June 9, 2025, the Court declined to order that a default be entered "upon review of the record and in consideration of 42 U.S.C. 1997e(g)," but directed Defendant Kent to respond to the motion on or before June 30, 2025. (ECF No. 49, PageID.244). Kent was warned that "[f]ailure to respond may result in the entry of default and further proceedings consistent with Fed. R. Civ. P. 55." (*Id.*). Kent has nonetheless failed to respond or otherwise take any action in the case, necessitating another motion from Plaintiff,

2

filed on July 2, 2025, requesting that the Court direct the Clerk to enter a default as to Kent.  (ECF No. 50).

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Failure to plead or otherwise defend includes failing to respond to court orders.  *See, e.g.*, *Bds. of Trs. of Ohio Laborers' Fringe Benefits Programs v. Dan-Ray Constr., LLC*, No. 2:17-CV-180, 2018 WL 2268149, at *1 (S.D. Ohio Apr. 6, 2018).  Therefore, the Undersigned hereby **GRANTS** Plaintiff's motions (ECF Nos. 46, 50) and **DIRECTS** the Clerk to **ENTER A DEFAULT** as to **DEFENDANT ERICH KENT** for failure to plead or otherwise defend this suit.

Date: July 22, 2025                                     S/PATRICIA T. MORRIS
                                                        Patricia T. Morris
                                                        United States Magistrate Judge

3