UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TRAVIS TILLMAN,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ERICH KENT et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 24-10084<br>Honorable Shalina D. Kumar<br>Magistrate Judge Patricia T. Morris |

**ORDER ADOPTING REPORT AND RECOMMENDATION (ECF No. 55) AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (ECF NO. 45)**

　　　　Plaintiff Travis Tillman ("Tillman"), a pro se prisoner under Michigan Department of Corrections' ("MDOC") jurisdiction, initiated this civil action under 42 U.S.C. § 1983 against numerous MDOC employees for violations of his First and Eighth Amendment rights while he was housed at the McComb Correctional Facility. ECF No. 1. This case was referred to the assigned magistrate judge for all pretrial purposes. ECF No. 12.

　　　　On September 17, 2024, Tillman filed a First Amended Complaint against the same named defendants, adding state law claims for civil assault and battery and intentional infliction of emotional distress. ECF No. 20. On October 17, 2024, counsel for Tillman filed an appearance on the

record. ECF No. 28. On May 28, 2025, Tillman, through counsel, filed a motion for leave to again amend his complaint. ECF No. 45. He seeks to add MDOC as a defendant pursuant to 42 U.S.C. § 1983 under a *Monell* theory of liability for failure to train and supervise; negligent supervision and retention under state law; and declaratory relief regarding indemnification of defendants. *Id.* Defendants filed a response. ECF No. 48.

The assigned magistrate judge issued a Report and Recommendation (R&R). ECF No. 55. The R&R recommends that the Court deny Tillman's motion for leave to amend his complaint because: (1) the Eleventh Amendment bars his proposed claims against MDOC; and (2) Tillman's demand for declaratory judgment to impose indemnification on MDOC for acts of its employees would be futile. *Id*.

Neither party filed objections to the R&R and the deadline to do so has passed. The failure to file a timely objection to an R&R constitutes a waiver of the right for further judicial review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusion, under a *de novo* or any other standard, when neither party objects to those findings"); *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373–74 (6th Cir. 1987)

(failure to file objection to R&R "waived subsequent review of the matter"); *Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the part of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). However, there is some authority that a district court is required to review the R&R for clear error. *See* Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error and finds none.

Accordingly, the Court **ADOPTS** the R&R (ECF No. 55) and **DENIES** Tillman's motion for leave to file a second amended complaint (ECF No. 45).

**IT IS SO ORDERED.**

Dated: October 15, 2025

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge