UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRAVIS TILLMAN,

    *Plaintiff,*

v.

ERICH KENT, et al.,

    *Defendants.*

    Case No. 4:24-cv-10084

    Shalina D. Kumar
    United States District Judge

    Patricia T. Morris
    United States Magistrate Judge

## REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE (ECF No. 53)

**I.  RECOMMENDATION**

For the following reasons, **IT IS RECOMMENDED** that the Court **DENY** Plaintiff's motion for default judgment (ECF No. 53) **WITHOUT PREJUDICE**.

**II.  REPORT**

    **A.  Background**

This is a prisoner civil rights action. The procedural posture of this case was explained in the Court's July 22, 2025 order granting Plaintiff's motion for entry of default as to Defendant Erich Kent:

> Plaintiff filed his complaint against Defendants Erich Kent, Emmanuel Montgomery, Erica Ransom, and Kristopher Patterson on January 11, 2024. (ECF No. 1). All Defendants have been served, and while Montgomery, Ransom, and Patterson have appeared through counsel, Kent has not.

1

Thus, on May 28, 2025, Plaintiff requested a clerk's entry of default as to Kent. (ECF No. 40). The Eastern District of Michigan's Clerk's Office denied the request that day, explaining that under 42 U.S.C. § 1997e(g), "[a]ny defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law." This has been interpreted to mean that an incarcerated plaintiff is not entitled to entry of default against properly served defendants who have not filed an answer or other response. *Vontz v. Monroe*, No. 2:19-CV-12735, 2021 WL 5629046, at *1 (E.D. Mich. June 22, 2021), *report and recommendation adopted*, 2021 WL 5587339 (E.D. Mich. Nov. 30, 2021); *see also Cook v. Trostel*, No. 2:23-CV-2314, 2024 WL 957753, at *2 (S.D. Ohio Mar. 6, 2024) (adopting analysis from *Vontz*).

Plaintiff then moved for entry of default against Defendant Erich Kent under Federal Rule of Civil Procedure 55(a). (ECF No. 46). On June 9, 2025, the Court declined to order that a default be entered "upon review of the record and in consideration of 42 U.S.C. 1997e(g)," but directed Defendant Kent to respond to the motion on or before June 30, 2025. (ECF No. 49, PageID.244). Kent was warned that "[f]ailure to respond may result in the entry of default and further proceedings consistent with Fed. R. Civ. P. 55." (*Id.*). Kent has nonetheless failed to respond or otherwise take any action in the case, necessitating another motion from Plaintiff, filed on July 2, 2025, requesting that the Court direct the Clerk to enter a default as to Kent. (ECF No. 50).

(ECF No. 51, PageID.250–52). An entry of default as to Kent was entered on the same day as the order granting Plaintiff's motion. (ECF No. 52).

A few weeks later, Plaintiff filed the instant motion for default judgment against Kent. (ECF No. 53). Plaintiff argues that default judgment is appropriate because Kent signed for delivery of a service packet on May 1, 2025, which means he has notice of this lawsuit and is choosing not to appear, respond, or otherwise defend against it. (*Id.* at PageID.257). Further, Plaintiff avers that Kent's "actions

2

caused Plaintiff significant harm." (*Id.*). Specifically, Plaintiff contends that "Internal Affairs (AIM #43698) substantiates Plaintiff's claims of excessive force, confirming Kent tased Plaintiff while he was prone, unresisting, and covered, violating MDOC policies on use of force." (*Id.*). Accordingly, Plaintiff requests entry of default judgment on all claims against Kent (Counts I, III, IV, and V) and a hearing "to determine the amount of compensatory and punitive damages, injunctive relief (if any), and attorneys' fees[.]" (*Id.* at PageID.257–58). Kent was directed to file a response by September 11, 2025, (ECF No. 54), but has not done so.

### B. Legal Standard

Under Federal Rule of Civil Procedure 55, a plaintiff must follow a two-step process to obtain a default judgment against a defendant. First, under subsection (a), a plaintiff must request and obtain a clerk's entry of default against the defendant. Fed. R. Civ. P. 55(a). Second, under subsection (b), a plaintiff must move for entry of default judgment either by the clerk or the district court. Fed. R. Civ. P. 55(b). As a general rule, "[o]nce a default has been entered by the Clerk's Office, all of a plaintiff's well-pleaded allegations, except those relating to damages, are deemed admitted." *Allstate Indem. Co. v. Marcy*, No. 22-cv-12363, 2023 WL 5985497, at *1 (E.D. Mich. Sept. 14, 2024) (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105,

110 (6th Cir. 1995); *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006)).

### C. Analysis

Even though Kent has chosen not to respond to the instant motion, the Court must still consider whether entering default judgment against Kent could result in inconsistent judgments. As another judge in this District has explained:

> The Supreme Court addressed default judgments in the context of multi-defendant lawsuits in *Frow v. De La Vega*, 82 U.S. 552 (1872). In *Frow*, the complaint alleged a conspiracy by Frow and twelve others to defraud the plaintiff of title to a tract of land. Frow did not appear and the court granted default judgment against him. The other defendants, however, successfully defended the lawsuit. Frow then petitioned the court to vacate the default judgment entered against him on the basis that it was inconsistent with the judgment on the merits against the other defendants. The trial court declined to vacate the judgment.
>
> On appeal the Supreme Court described the inconsistent result as "unseemly and absurd, as well as unauthorized by law." *Frow*, 82 U.S. at 554. The Court stated that
>
>> the true mode of proceeding where a bill makes a joint charge against several defendants, and one of them makes default, is simply to enter a default and a formal decree *pro confesso* against him, and proceed with the cause upon the answers of the other defendants. The defaulting defendant has merely lost his standing in court. He will not be entitled to service of notices in the cause, nor to appear in it in any way. He can adduce no evidence, he cannot be heard at the final hearing. But if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike—the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all.

4

> But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.
>
> *Id.* Thus, "as a general rule then, where one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." 10A Charles Alan Wright et al., Federal Practice and Procedure § 2690 (3d ed. 1998).

*Nautilus Ins. Co. v. I.L.S. Gen. Contractors, Inc.*, 369 F. Supp. 2d 906, 908–09 (E.D. Mich. 2005) (cleaned up). In other words, "when multiple defendants are jointly liable or have similar defenses, courts apply the same legal rulings to the defaulting defendants as to the answering defendants. If an action against the answering defendants is decided in their favor, then the action should be dismissed against both answering and defaulting defendants." *Garcia v. Beaumont Health*, No. CV 19-11673, 2020 WL 5249205, at *1 (E.D. Mich. Sept. 3, 2020) (cleaned up).

In broad terms, this case stems from an incident that occurred at Macomb Correctional Facility on December 12, 2022. (ECF No. 20, PageID.115–16). Plaintiff alleges that another prisoner attacked him without warning or provocation, and that this "attack rendered Plaintiff prone and unconscious on the concrete hallway floor." (*Id.* at PageID.115). In the aftermath of this attack, Montgomery deployed his taser on Plaintiff, striking his stomach. (*Id.* at PageID.116). Plaintiff was unable to immediately comply with Montgomery's commands that he roll onto his stomach due to the effects of the taser. (*Id.* at PageID.116–17). The commotion

caused Kent to come to the scene, where he too commanded Plaintiff to turnover onto his stomach. (*Id.*). Kent then discharged his own taser on Plaintiff, striking his upper torso, near his shoulders. (*Id.*).

Eventually, Montgomery and Kent stopped tasing Plaintiff, handcuffed him, and took him to healthcare. (*Id.* at PageID.117). Plaintiff received medical attention, and medical personnel prepared a critical incident report. (*Id.*). Ransom's and Patterson's alleged unconstitutional actions took place in the aftermath of this incident. (*Id.* at PageID.117–19).

Here, Plaintiff's claims against Kent are intertwined with his claims against the non-defaulting defendants, particularly his claims against Montgomery. The underlying incident in this lawsuit involved both Kent and Montgomery deploying their tasers on Plaintiff. His excessive force claims against Kent and Montgomery will involve similar analysis. For example. Montogomery, as well as Ransom and Patterson, has raised the affirmative defense of qualified immunity. (*See* ECF No. 26, PageID.160). Due to Plaintiff's claims against Kent and Montgomery arising from the same incident where they contemporaneously used their tasers against Plaintiff, there is a risk of inconsistent judgments. Hypothetically, if default judgment as to Kent was entered now and then later the Court entered judgment in Montgomery's favor on defenses equally applicable to Kent, these judgments would be inconsistent.

"When a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants." *Northland Ins. Co. v. Cailu Title Corp.*, 204 F.R.D. 327, 330 (W.D. Mich. 2000) (quotation marks and citation omitted); *see also Garcia*, 2020 WL 5249205, at *1 ("To avoid inconsistent judgments, courts have postponed entering default judgments in multi-defendant actions until the liability of the answering defendants has been adjudicated."). Accordingly, the Undersigned recommends denying Plaintiff's motion for default judgment as to Kent without prejudice to his ability to file a new motion once his claims against the non-defaulting defendants have been adjudicated.

### D. Conclusion

For these reasons, **IT IS RECOMMENDED** that the Court **DENY** Plaintiff's motion for default judgment (ECF No. 53) **WITHOUT PREJUDICE**.

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further

right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  October 24, 2025               s/PATRICIA T. MORRIS
                                      Patricia T. Morris
                                      United States Magistrate Judge