UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TRAVIS TILLMAN,<br>Plaintiff,<br><br>v.<br><br>ERICH KENT, et al.,<br>Defendants. | Case No. 24-10084<br>Honorable Shalina D. Kumar<br>Magistrate Judge Patricia T. Morris |

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 81), ADOPTING REPORT AND RECOMMENDATION (ECF NO. 80) IN FULL**

## I. Introduction

This matter is before the Court on Magistrate Judge Patricia T. Morris's Report and Recommendation ("R&R") (ECF No. 80) recommending that the Court grant plaintiff Travis Tillman's ("Tillman") motion for default judgment as to defendant Erich Kent (ECF No. 59), grant defendants' Emmanuel Montgomery, Erica Ransom, and Kristopher Patterson's (collectively, the "Moving Defendants") joint motion for summary judgment (ECF No. 66), and grant in part Tillman's motion for partial summary judgment (ECF No. 68). Tillman filed timely objections to

the R&R, and defendants filed a response. ECF Nos. 81, 82. This matter is now ripe for determination.

## II. Background

The magistrate judge included a comprehensive recitation of facts in the R&R, which the Court will not repeat here. ECF No. 80, PageID.709–18.

Tillman challenges the R&R's conclusion that his excessive force claim fails as a matter of law because his "summary judgment briefing emphasized a failure-to-intervene theory . . . ." ECF No. 81, PageID.741. Specifically, Tillman objects to Judge Morris's finding that he recharacterized the claim as a failure-to-intervene rather than direct excessive force and "does not make any arguments in support of the pleaded claim." ECF No. 80, PageID.732. He argues that this analysis conflicts with the text of Federal Rule of Civil Procedure 56 and binding Supreme Court precedent. Defendants filed a response to Tillman's objections.[1] ECF No. 82.

[1] Tillman moved for leave to file a reply in support of his objections to the R&R. ECF No. 83. Though the Court granted his motion, Tillman failed to file his reply in the allotted time and thereafter filed a motion for leave to file his reply out of time. ECF Nos. 84, 85. Because the Court does not find

## III. Standard of Review

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. See Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). *De novo* review requires at least a review of the evidence before the magistrate judge; the Court may not act solely based on a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Objections to any part of a magistrate judge's disposition "must be clear

---

Tillman's reasons for filing out of time to be persuasive, it denies the motion.

enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . .that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*. A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id*. When an objection merely reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*,

898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## IV. Discussion

### A. Objection 1

Tillman first objects to the R&R on the grounds that it was erroneous for the magistrate judge to conclude that he essentially abandoned his excessive force claim against Montgomery because he failed to argue in support of it. ECF No. 81, PageID.744–45. He contends that, based on Fed. R. Civ. P. 56, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), the magistrate judge should have reviewed the evidence cited by the Moving Defendants before recommending dismissal. *Id.* at PageID.744. While this objection has some merit, it still fails to move the needle in Tillman's direction.

"A plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment." *Brown v. VHS of Michigan, Inc.*, 545 F. App'x 368, 372 (6th Cir. 2013) (citing *Hicks v. Concorde Career Coll.*, 449 F. App'x 484, 487 (6th Cir. 2011); *Clark v. City of Dublin*, 178 F. App'x 522, 524–25 (6th Cir. 2006); *Conner v. Hardee's Food Sys.*, 65 F. App'x 19, 24–25 (6th Cir. 2003)). Thus, because a review

of Tillman's response to the motion for summary judgment shows he failed to address the Moving Defendants' argument in favor of dismissing his excessive force claim against Montgomery, *see* ECF No. 71, PageID.500–02, the R&R's conclusion that Tillman abandoned his claim is correct.

But "even where a motion for summary judgment is unopposed," and a plaintiff therefore abandons his claims, "a district court must review carefully the portions of the record submitted by the moving party to determine whether a genuine dispute of material fact exists." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 630 (6th Cir. 2014). Tillman, therefore, is correct that the magistrate judge should have reviewed the evidence submitted by the Moving Defendants before recommending dismissal of the excessive force claim against Montgomery. A review of the claim and evidence, however, shows that this failure was harmless.

An Eighth Amendment excessive force claim against a corrections officer requires a prisoner to "satisfy both an objective and a subjective component." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (citing *Moore v. Holbrook,* 2 F.3d 697, 700 (6th Cir. 1993)). "The subjective component focuses on the state of mind of the prison officials. The relevant inquiry is 'whether force was applied in a good faith effort to maintain or

restore discipline or maliciously and sadistically for the very purpose of causing harm.' " *Id.* (quoting *Hudson v. McMillian,* 503 U.S. 1, 6 (1992)). "The objective component requires the pain inflicted to be 'sufficiently serious.' " *Id.* (quoting *Wilson v. Seiter,* 501 U.S. 294, 298 (1991)).

Review of the evidence cited by the Moving Defendants in support of dismissing Tillman's excessive force claim against Montgomery shows that it is sufficient to grant summary judgment. In their motion, the Moving Defendants cited Montgomery's deposition testimony as well as video evidence capturing the interaction between the parties. ECF No. 66, PageID.351–52. Montgomery testified at his deposition that he tased Tillman on the day in question because he wanted Tillman to comply with his verbal order to stop fighting another inmate. *See* ECF No. 66-10, PageID.416. The video evidence corroborates this, as it shows that while Tillman fought with another inmate, Montgomery arrived on scene, and, after what appears to be a momentary pause, deployed his taser against both inmates. *See* ECF No. 66-3, 0:27–0:45. This evidence is sufficient to establish that Montgomery, faced with a dangerous situation, deployed his taser against Tillman "in a good faith effort to maintain or restore discipline," not in a malicious or sadistic attempt to cause harm. *Williams*, 631 F.3d at

383. In the absence of cited evidence to the contrary, "no genuine issues of material fact exist[]" over the subjective component of Tillman's excessive force claim, meaning Montgomery is entitled to summary judgment as a matter of law. *Scott v. First S. Nat'l Bank*, 936 F.3d 509, 516–17 (6th Cir. 2019) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324–25 (1986)).

Accordingly, the Court will adopt the recommendation and dismiss the excessive force claim against Montgomery.

**B. Objection 2**

Tillman's second objection centers on the record evidence he argues supports his excessive force claim against Montgomery. ECF No. 81, PageID.745–49. However, a party's objection to an R&R may not "raise . . . new arguments or issues that were not presented" to the magistrate judge. See *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). Thus, because this argument was not raised before the magistrate judge, the Court overrules objection two. *Id.*

**C. Objection 3**

In his third objection, Tillman argues that the record evidence supports a failure to intervene claim against Montgomery. ECF No. 81, PageID.749–50. That may be, but because Tillman did not assert a failure

to intervene claim against Montgomery in his amended complaint, *see* ECF No. 20, and he was never granted leave under Fed. R. Civ. P. 15 to add such a claim, it is not properly before the Court for consideration. *See Ault v. Medina Med. Invs., LLC*, 2007 WL 81853, at *3 (N.D. Ohio Jan. 8, 2007) ("It is axiomatic that a plaintiff cannot add new claims to her complaint in an opposition to a [dispositive] motion . . . ."). Thus, the Court overrules objection three.

## V. Conclusion

Neither party filed objections to the remaining recommendations in the R&R, and the time to do so has passed. *See* Fed. R. Civ. P. 72(b)(2). In general, failure to file a timely objection to an R&R constitutes a waiver of the right for further judicial review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusion, under a *de novo* or any other standard, when neither party objects to those findings"); *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373–74 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); *Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the part of the report and recommendation to which no party has objected, the Court

need not conduct a review by any standard."). However, there is some authority that a district court is required to review the R&R for clear error. *See* Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). The Court, having reviewed the R&R's remaining recommendations in conjunction with the record, finds no clear error.

Accordingly, the Court **OVERRULES** the Plaintiff's objections (ECF No. 81), **ADOPTS** the R&R **IN FULL** (ECF No. 80), and **ORDERS** that:

1. The Moving Defendants' motion for summary judgment (ECF No. 66) is **GRANTED**, and all claims against them are **DISMISSED WITH PREJUDICE**;
2. Tillman's partial motion for summary judgment (ECF No. 68) is **GRANTED IN PART AND DENIED IN PART**. Tillman's motion is **GRANTED** with respect to his claims against defendant Kent, and **DENIED** in all other respects;
3. Tillman's renewed motion for default judgment as to his claims against defendant Kent (ECF No. 53) is **GRANTED** and defendant Kent is hereby held in **DEFAULT**. The remaining

parties **SHALL** submit written evidence concerning the calculation of damages on the claims against defendant Kent by **September 30, 2026**;

4. Tillman's motion for leave to file a reply out of time (ECF No. 85) is **DENIED**; and
5. The Clerk of Court is **DIRECTED** to **TERMINATE** defendants Montgomery, Ransom, and Patterson from this action.

**IT IS SO ORDERED.**

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge

Dated: September 4, 2026